LOBRANO, Judge.
Plaintiff, Vincent Cefalu, M.D., appeals a trial court judgment dismissing his petition for appeal of an administrative decision. In that decision, the Louisiana State Board of Medical Examiners (“Board”) denied plaintiffs motion to recuse the panel members who presided over an earlier hearing. That earlier hearing involved an administrative complaint charging him with various violations of the Louisiana Medical Practice Act. As a result of a consent judgment on appeal, the merits of the charges are to be heard de novo. Dr. Cefa-lu appeals the trial court’s refusal to recuse the panel members. We affirm.
On September 29, 1988, the Board issued an administrative complaint against plaintiff based on allegations of violations of the Louisiana Medical Practice Act, LSA-R.S. 37:1261-91 including: 1) prescribing medication without legitimate medical justification, 2) professional or medical incompetence and 3) failure to satisfy prevailing standards of medical practice in the State of Louisiana. An administrative hearing before the Board was conducted on April 14, 1989. On September 14, 1989, the Board issued a decision revoking plaintiff’s license to practice medicine in the State of Louisiana.
Plaintiff appealed the Board’s decision to the Civil District Court for Orleans Parish. In that appeal, the plaintiff alleged that the manner in which the Board prepared its final decision was violative of the holding in Allen v. Louisiana State Board of Dentistry, 543 So.2d 908 (La.1989). An eviden-tiary hearing was held on that issue. However, before the trial court rendered a decision the parties entered into a consent judgment in which they agreed to remand this matter to the Board for a de novo hearing.
Plaintiff then filed a motion to recuse the members of the hearing panel who presided over his original administrative hearing from presiding over the de novo hearing. In his motion, plaintiff argues that the Allen case mandates that the panel members who presided at the original hearing not be allowed to reconsider plaintiff’s case. The Board denied plaintiffs motion on the grounds that plaintiff made no showing and provided no evidence to demonstrate that he cannot receive a fair hearing from the original panel members. The Board also noted that it has dealt with repeat appearances by physicians in the past and has exhibited the ability to divorce itself from prior matters in making decisions based exclusively on the evidence.
Plaintiff filed a petition for reconsideration with the Board which was denied. Plaintiff then filed a petition for appeal in Civil District Court. The trial court conducted a hearing on June 19, 1992 and subsequently dismissed plaintiff’s petition, affirming the Board’s decision. The court adopted the Board’s assertions as its reasons for judgment. Plaintiff appeals that judgment.
Plaintiff argues that the trial court erred in failing to find that the Board was arbitrary in exercising its discretion not to recuse certain members from the de novo administrative hearing. Plaintiff claims that there exists the “appearance of impropriety” in allowing the same panel members who presided over plaintiff’s original hearing to preside over his upcoming de novo hearing. Plaintiff claims that the failure of the original panel members to be recused violates his due process right to a fair and impartial hearing on the issue of whether or not his license to practice medicine should be revoked.
According to plaintiff, the original panel members must be recused pursuant to the holding in Allen because of alleged misconduct with respect to the initial hearing. These allegations of misconduct include:
1) the Board members did not personally review the evidence submitted at the first administrative hearing;
2) the Board did not substantively draft the findings of fact or opinion in its original decision indicating a level of attention lower than that necessary to fairly review the claims against plaintiff; *473 3) the plaintiff’s claim that the Board failed to maintain a sufficient level of attention or to consider plaintiff’s constitutional rights has questioned these members’ integrity and therefore has antagonized them;
4) the Board has become frustrated at the slow progress of the case against plaintiff and this frustration has affected the Board’s objectivity;
5) the objections of plaintiff's counsel at the first hearing were routinely overruled by the Board demonstrating that the Board arbitrarily and capriciously attempted to convict plaintiff from the outset of this matter.
The Board argues that these allegations of bias are unsubstantiated and do not warrant recusal under the Allen case. In Allen, the Louisiana Supreme Court reversed the decision of the Louisiana State Board of Dentistry suspending the license of Dr. William Allen. The court found that the Board’s prosecutor not only drafted the findings of fact and conclusions ultimately adopted by the Board, but was in reality, the main fact finder. The court held that this conduct was violative of the Louisiana Administrative Procedure Act and Dr. Allen’s due process rights to a neutral adjudicator and a fair hearing. Because the prosecutor’s co-mingling of functions as investigator, general counsel, prosecutor and fact finder created the appearance of impropriety and robbed the proceedings of the crucial appearance of fairness, the Allen case was remanded to the Board for a de novo hearing before a committee to be composed of dentists who had no prior involvement in that case.
The instant case is distinguishable from Allen because there has been no finding that the prosecutor in this case took part in the decision process of the Board. In fact, the trial judge who heard the first appeal which resulted in the consent judgment ordering the de novo hearing specifically stated that he was not making a decision as to whether plaintiff’s due process rights had been violated under the Allen case.
The plaintiff has the burden of proving the allegations he asserts in support of his motion to recuse. The only evidence offered by plaintiff in support of his claims is his uncorroborated self-serving affidavit containing allegations of certain misconduct on the part of panel members who presided over plaintiff’s initial hearing. We are satisfied that there is insufficient evidence to warrant recusal of the panel members.[1] We cannot conclude that the Board’s decision is arbitrary, or capricious and therefore affirm the trial court.
AFFIRMED.

. The record in this case does not indicate whether or not a hearing was held by the Board on the motion to recuse or on the motion to reconsider the denial of the motion to recuse. The record also does not contain the transcript of the trial court hearing on plaintiffs petition for appeal from the administrative decision denying his motion to recuse.