SCHOTT, Chief Judge.
Dr. James H. Brown, a psychiatrist, has appealed from a judgment of the trial court affirming a decision of the Louisiana State Board of Medical Examiners disciplining Dr. Brown for misconduct. The issues are whether the Board improperly commingled its prosecutorial and adjudicative functions through the use of its attorney and whether the sanction imposed upon Dr. Brown was excessive.
On May 19, 1988, the Board charged Brown with wrongfully issuing prescriptions for Valium and Seconal to Sandra Marino and Keith Knight in violation of LSA-R.S. 37:1285(A)(6) and with entering a plea of guilty to a criminal charge arising out of his medical practice in violation of R.S. *1114 37:1285(A)(2). After a hearing Brown was found guilty as charged on December 9,1988. The Board suspended his license to practice medicine for two years, but suspended the suspension except for the first four months on the conditions that 1) he would be prohibited from prescribing controlled substances as defined by state and federal laws, he would surrender his permits authorizing him to prescribe such substances, and he would not, forjjthe remainder of his medical practice, seek reissuance of such permits; 2) he would obtain Continuing Medical Education credits; and 3) he would pay a fíne of $5,000.
Brown took an appeal to the district court complaining about procedural irregularities before the Board and asserting that the penalty was excessive. In a judgment of November 27, 1989, the court rejected these contentions. Brown also contended that the Board’s attorney who prosecuted him also prepared the decision of the Board. The court ordered that Brown be allowed to establish this allegation in an evidentiary hearing before the court. Following a hearing the trial court on April 29, 1991 remanded the case to the Board for the preparation and issuance of a new decision free of any involvement by members of the firm in which the Board’s attorney was associated.
On June 29, 1991, the Board issued a new decision which was virtually the same as its earlier decision. The same four medical doctors constituted the Board in both decisions. Brown filed a motion for a rehearing before the Board and a motion to disqualify the four physicians claiming to be entitled to a new panel by virtue of the trial court’s judgment and the applicable law. The Board denied these motions and Brown again appealed to the district court.
On July 22, 1993, the trial judge rendered judgment and reasons as follows:
The Board has now reached an independent decision. Its similarity to the original decision is dictated by the facts and not by the participation of the attorney. The decision of the Louisiana State board of Medical Examiners is affirmed.
From this judgment Brown has taken the present appeal to this court ^assigning errors in the Board’s commingling of prosecu-torial and adjudicative functions and in th§ Board’s imposition of an excessive sanction.
With respect to the first assignment Brown relies on Allen v. La. State Bd. of Dentistry, 543 So.2d 908 (La.1989) in which the court found that the Dentistry Board violated a dentist’s rights to a fair hearing because the Board’s attorney who prosecuted him also prepared the Board’s decision against him. However, that case is distinguishable. In the first place, the facts in Allen were in dispute, whereas, the facts of the present case are not contradicted as will be discussed below. In addition, the doctor who presided at Brown’s hearings testified that the Board developed its own factual findings and decided upon the precise penalty on its own without any discussion with or input from their attorney and thereafter communicated this to him with instructions for him to put this into final form. The court found that the attorney in Allen became the fact finder and did not simply record the decision made by the Board on its own. Consequently, the Allen case does not support Brown’s position.
However, Brown argues that he was prejudiced because the same four physicians participated in the second decision after the trial court remanded the case to the Board for a new decision. In the first place, the trial judge who remanded the case in the first instance was the same judge who reviewed the second decision of the Board and he was satisfied that his initial judgment remanding the ease was satisfied even though the same physicians participated the second time.
Secondly, the Board’s presiding physician testified unequivocally that the first decision was made without any influence by the attorney. Consequently, when they rendered their second decision the panel members Uwere faced with writing a decision which had to be substantially the same as the previous one because it would have to recite the factual findings and imposition of sanctions which were identical to those the panelists arrived at on their own in the first place.
*1115 Thirdly, Brown’s position is the same as that taken by the appellant and rejected by this court in Cefalu v. Board of Medical Examiners, 618 So.2d 471 (La.App. 4th Cir.1993). As in Cefalu, Brown, in essence sought to recuse the four panelists from the case after it was remanded to the Board, but he failed to present any evidence to warrant their recusal.
Turning to Brown’s second assignment, that the penalty imposed by the Board is excessive, a summary of the underlying facts is appropriate. On several occasions undercover agents went to Brown’s office where he prescribed Valium and Seconal for them without conducting any physical or mental examination on them and charged them $80.00 for each prescription he wrote. The circumstances clearly indicated that the drugs were being used for illicit purposes. A federal grand jury indicted Brown for violating the Federal Controlled Substance Act and he eventually pled guilty to a misdemeanor violation of the federal statute.
Considering the seriousness of Brown’s misconduct, we are not persuaded that the sanctions are excessive. However, we question the legality of the one condition of Brown’s probation that he is forever prohibited from even seeking reissuance of permits to prescribe controlled substances. The Board has not provided any authority to support this provision.
Accordingly, the judgment of the trial court is affirmed, except that the decision of the Board is amended to delete from the second condition of probation the concluding words “and shall not, for the remainder of his Ifimedical career, seek reissuance of these permits.”

AMENDED AND AFFIRMED.